OF THE

# STATE OF MISSOURI

AT THE

## APRIL TERM, 1887

(*Continued from Volume 91.*)

HIGBEE, *Appellant*, v. ELLISON

$\begin{vmatrix} 92 \\ 164 \end{vmatrix} \begin{matrix} \overline{13} \\ 53 \end{matrix}$

1. **Contested Election:** CIRCUIT JUDGE: PETITION: FORUM. The petition in a case of contest of election for the office of circuit judge must be presented to the circuit court at the first term held in the adjoining circuit next after the election, or, if not then, to the judge of that circuit in vacation. (R. S., secs. 5549–5555).

2. ———: ———: ———. After the expiration of said first term of court, it can be presented only to the judge in vacation.

*Appeal from Linn Circuit Court.*—HON. GAVON D. BURGESS, Judge.

AFFIRMED

*J. H. Shanklin, H. Lander, D. H. McIntyre and E. W. Harber* for appellant.

(1) The judge erred in considering and deciding the question of jurisdiction on the motion. R. S., sec. 5550; *State v. Sherwood*, 42 Mo. 179. (2) The judge

(13)

erred in construing and applying the statute defining and fixing the tribunal before which the case should be heard and determined. R. S., sec. 5554. (3) To reach the conclusion arrived at by the judge, section 5555 must be construed so as to repeal section 5554, thus defining and fixing jurisdiction by mere inference, which is deemed inadmissible. R. S., sec. 5555 ; *State ex rel. v. Hopkins,* 87 Mo. 519, 524, 527 ; *Railroad v. Campbell,* 62 Mo. 585 ; *State v. Swope,* 72 Mo. 403 ; *Gray v. Bowles,* 74 Mo. 419, 424 ; *Coit v. Pitman,* 46 Mo. 52, 57. (4) Section 5555, in adopting the 'provisions of sections 5550 to 5553, inclusive, as applicable to proceedings in a contest for circuit judge, adopts only the procedure as specified in those sections, and does not change the tribunal defined and fixed by section 5554. (5) To make section 5550 literally applicable to a contest for judge of the circuit court, as is contended for, the petition must be presented at the first term, or to three judges thereof in vacation. By what rule can the words "three judges" be construed to mean one judge ? R. S., sec. 5550. (6) The section prescribing the tribunal in contests for judge of the Supreme Court and other offices designated is section 5549, and it should be observed that that section is not enumerated in section 5555. (7) In contests for judge of the circuit court, section 5554 defines and places jurisdiction in a *a judge of the circuit court,* and the proceedings prescribed for a contest in the Supreme Court are made applicable. Neither section 5554 nor 5556 places it in a judge in vacation. (8) The use of the words, "and proceedings therein in the circuit courts and before the judges thereof," in section 5555, prescribing the procedure for contests for judge of the circuit court, does not change the jurisdiction definitely fixed by section 5554. *State ex rel. v. Hopkins,* 87 Mo. 519.

*Williams & Guthrie, Henry & Hagerman* and *Mullens & Huston* for respondent.

(1) When the petition, notice, admitted facts and those of which the officer trying the case must take notice, show there was no authority or jurisdiction to hear and try a cause, a motion to dismiss the petition and quash the notice is always proper. *Castello v. Lackland,* 28 Mo. 259; *Wilson v. Lucas,* 43 Mo. 290; *State ex rel. v. Woodson,* 41 Mo. 227; *Thatcher v. Powell,* 6 Wheat. 119; 8 Barb. 541. (2) If the cause is triable before a judge, it is an extraordinary power, and the course prescribed by the statute ought to be exactly observed. *Thatcher v. Powell,* 6 Wheat. 119. (3) The contest for the office of circuit judge must be heard by the judge of the circuit court whose place of residence is nearest to that of the contestee, and at his first term of court after the election, if a term of court is held in any county of the circuit within forty days after the election. If not, then, the petition must be presented to the judge of that circuit in vacation, within forty days after the election, provided no term of court be held in said circuit within forty days. 1 W. S. 576; R. S., secs. 5551-2-3-4-5. (4) To interpret a statute the whole must be taken together. Sedgwick on Construc. of Stat. [ 2 Ed. ] 200, 201; *Proctor v. Railroad,* 64 Mo. 112, 119; *State ex rel. v. Gammon,* 73 Mo. 426; *State to use v. Heman,* 70 Mo. 451. "In putting a construction upon any statute every part shall be so expounded, if practicable, as to give some effect to every part of it." *Commonwealth v. Alger,* 7 Cush. (Mass.) 89. "Different sections of the same act must, if possible, be construed so as to be consistent with each other." *Merrill v. Harris,* 26 N. H. 142; 57 Am. Dec. 359. When a statute assumes jurisdiction to exist and makes explicit provision for its exercise, that is sufficient to create

jurisdiction. Sedgwick on Const. Law, 228; *State v. Miller*, 23 Wis. 634. (5) Presenting the petition to "Hon. Gavon D. Burgess, Judge," during the noon recess of court, was not presenting it to the judge thereof in vacation. Session Acts, 1885, 190, 191; 2 Bouvier Law Dictionary, 631, title, "Vacation." The first term of court after the election means the first session, whether regular, called, or adjourned. *Adcock v. Lecompte*, 66 Mo. 40. A contestor, under the statute, must present his petition to the first term of the court of the circuit begun and held after the election, no matter in what county. If there is no court held in such circuit within forty days after the election, then he must present his petition to the judge "in vacation." If he permits the first term of court to adjourn and neglects to present his petition, then he is out of time. It is intended that the court shall try these cases if possible. If no court, then the judge, in vacation.

BLACK, J. — At the general election, held on the second of November, 1886, the appellant and respondent were candidates for judge of the circuit court for the twenty-seventh judicial circuit. Mr. Ellison received a majority of four hundred and ninety-one votes. Mr. Higbee endeavored to contest the election on the ground of alleged illegality in the form of the ballots; and to that end presented his petition to the Hon. Gavon D. Burgess, judge of the eleventh judicial circuit, at the courtroom, in the town of Linneus, in Linn county, on the tenth of December, 1886, during the noon recess of the circuit court, which was then being held in said county. A copy of the petition and notice that the same would be presented to Judge Burgess at the time and place before stated was served on the contestee on the twenty-ninth of November, 1886. On the presentation of the petition the contestee moved to quash the notice and dismiss the petition, which was sustained, and from that ruling this appeal was taken.

On argument of the motion below, it was agreed that the Sullivan county circuit court, which is in the eleventh judicial circuit, met in regular session on the fifteenth of November, 1886, and remained in session from day to day until the twenty-fourth day of the same month ; and that the Linn circuit court, which is also in the eleventh judicial circuit, commenced its regular session on the sixth of December, 1886, and had continued from day to day to the presentation of the petition, and that the business of the term was not then concluded. Respondent contends that the petition could only be heard by the court at the first term after the election, no matter in what county of the circuit it was held, or by the judge in vacation, within forty days after the election. The appellant insists that the contest is never heard by the court, but always by the judge, whether a court be in session or not.

Section 5549, Revised Statutes, 1879, provides : "All contested elections for judge of the Supreme Court * * * shall be heard and determined by the Supreme Court, or any three judges thereof in vacation." Section 5550 : " If any person contest the election of any officer named in the preceding section, he shall present a petition to the Supreme Court, at the first term held next after the election, or to any three judges thereof in vacation, within forty days after such election." This and the succeeding sections to and including section 5553, provide what the petition shall state ; that a copy of the petition and a notice shall be served on the contestee ten days before the presentation of the petition ; that the Supreme Court, or any three judges thereof, to whom the petition may be presented in vacation, shall appoint a commissioner to take testimony ; that the commissioner shall make his report to the court, or to the three judges in vacation ; and further provisions are made in respect of the practice and procedure. Section 5554 : "All con-

tested elections for judge of the circuit court shall be heard and determined before the circuit judge of an adjoining circuit, whose place of residence is nearest to the contestee." Section 5555 : " The provisions of sections 5550-1-2-3, concerning contests and proceedings therein in the Supreme Court, and before the judges thereof, shall be applicable to and shall govern contests for the office of circuit judge, and proceedings therein in the circuit courts, and before the judges thereof."

From these sections it is clear that jurisdiction to hear a contest of the election of any of the officers mentioned in the first of them is given to the Supreme Court, or to three judges thereof in vacation. If the contest be commenced before the court, it must be at the first term held next after the election, and will be concluded in the court. If commenced before the three judges in vacation it will proceed to termination before them. By force of section 5555, the prior sections, and hence, the propositions just stated, are made applicable to contest of circuit judge in the adjoining circuit ; so that the petition must be presented to the court at the first term held in the circuit next after the election, or if not, then to the judge of that circuit in vacation.

It is said that section 5554 is the one which fixes the jurisdiction, and by it the power to hear these contests is given to the circuit judge of the adjoining circuit, and that he cannot hear the contest when sitting as a court ; but there are several reasons why this cannot be the true construction. Such a construction is inconsistent with the next succeeding section, which makes the previous section, relating to contests in the Supreme Court and before the judges thereof, applicable to and govern con- tests for office of circuit judge " in the circuit courts and before the judges thereof." If the contest must, in all cases, be heard by the judge not sitting as a court, there could be no proceedings in the circuit court. The use of the words last quoted become more significant when

we consider the law as it stood just prior to the revision of 1879. Section 5554 is the same as the first section of the act of 1872. 1 W. S., 1872, sec. 79, p. 576. The second section of the same act provided that "if any person contest the election for circuit judge he shall present a petition to the circuit court, as provided in the next preceding section, at the first term held next after the election, or to the judge thereof in vacation, within forty days after such election," etc. Then follow provisions for the appointment of a commissioner to take testimony. By the act of April 26, 1877, these sections now numbered as sections 5549 to 5553 were first enacted ; so that at the revision of 1879 the legislature found these sections relating to contests in the Supreme Court, and before the judges thereof, and subsequently the same sections relating to contests of circuit judges in the circuit courts. The latter were dropped out and in lieu of them we now have section 5555, the language of which shows that it was not designed to change the law, but simply to leave the law in a more compact form, avoiding repetition.

The office of the first section of the act of 1872 was to determine in what judicial circuit the contest should be had and determined, nothing more. It performs the same function now and nothing more. The second section of that act determined when the petition should be presented to the court, and when to the judge in vacation. Section 5555 accomplishes this purpose now by its reference to section 5550. The petition in this case was not presented to the court at the first term held in the eleventh judicial circuit, next after the election ; nor was it presented to the judge of that circuit in vacation, for the court was in session when it was presented. It follows that the petition was properly dismissed. The proceeding is statutory, and we can do no more than follow the law as it is written.

The judgment is, therefore, affirmed. All concur.