·THE STATE ex rel. FOLK v. SPENCER.

In Banc, June 18, 1901.

1. **Elections:** CIRCUIT ATTORNEY: TEN DAYS' NOTICE. In a contest for the office of circuit attorney, the court has no jurisdiction to hear the case if the contestant has not served upon contestee a notice of the time and place when and where the petition would be presented, ten days before it was presented, as required by section 7057, Revised Statutes 1899, unless the contestee has waived his right to such notice by appearing and answering. The circuit court (of the city of St. Louis, in this case) had jurisdiction over the subject-matter, and jurisdiction over the person of the contestee may be obtained by his appearing and pleading to the merits.

2. ———: ———: ———: REPEAL BY IMPLICATION. If two statutes can be read together without contradiction or repugnancy or absurdity or unreasonableness, they should be read together and effect given to both; and a later statute will not repeal a prior one unless there is such repugnancy between them that the two can not stand together or be consistently reconciled. Tested by this rule, the new sections in Revised Statutes 1899, concerning contests in the election of circuit judges and circuit attorneys, did not constitute a new scheme or code of procedure for such contests, and hence, the old statute requiring ten days' notice to be given the contestee by the contestant, of the time and place of the presentation of his petition, was not by the later statutes repealed.

. *Prohibition.*

RULE MADE ABSOLUTE.

*John H. Overall* and *Charles W. Bates* for relator.

(1) The failure of the contestant to serve contestee with a

ten days' notice of the time and place of presentation of his petition, is fatal to the action. Secs. 7057, 7058, 7059, 7060, 7061, 7062, 7063, 7064, 7069 and 7070, R. S. 1899. These provisions are not inharmonious, and since notice of presentation of the petition is plainly required, the failure to give it is vital. Costello v. St. Louis Circuit Court, 28 Mo. 259; Wilson v. Lucas, 43 Mo. 293; Higbee v. Ellison, 92 Mo. 13. (2) The contestant should not only have given the notice required by statute, but should have alleged it and set it out in his petition in such terms as to enable the court to determine whether the notice was sufficient. 14 Ency. Pleading and Practice, "Notice," p. 1071; Wade on Notice, secs. 1393, 1396. Where notice is to be given in a particular time it ought to appear that such notice was given in due time. Comyn's Digest, "Pleader," c. 74; Wade on Notices, secs. 1163, 1171; Paine on Contested Elections, sec. 1105; Williams v. Monroe, 125 Mo. 584; Wilson v. Railroad, 108 Mo. 596; Railroad v. Hoereth, 144 Mo. 148; Anderson v. Anderson, 55; Mo. App. 274; Leach v. Cargill, 60 Mo. 316; Meyer v. Christian, 64 Mo. App. 203; Construction Co. v. Jones, 60 Mo. App. 1; Miller v. Hofman, 26 Mo. App. 199.

*W. E. Fisse, G. A. Finkelnburg* and *Clinton Rowell* for respondent.

(1) The four sections of the Act of 1899 appear as sections 7062 to 7065, both inclusive, in the Revised Statutes of 1899. The provisions of the old law, to-wit, section 4739, Revised Statutes 1889, appear in the Revised Statutes of 1899, as section 7066. This section provides that the provisions of sections 7057 and others concerning contests and proceedings therein, in the Supreme Court, shall be applicable to and shall

govern contests for the office of circuit judge and proceedings therein in the circuit courts and before the judges thereof. It is clear that the scheme of procedure embodied in the section thus quoted, is entirely inconsistent with the scheme of procedure provided for in the Act of 1899. Under the old law, no summons or process issuing out of a court was necessary. The procedure in the case of a contest for circuit judge, or any of the other enumerated offices, was substantially the same as in the case of a contested election relating to any municipal or county office. (2) By answering, the petitioners have certainly waived the right to question the sufficiency of the service, and by the cross-allegations of the answers filed they have certainly admitted the jurisdiction of the court.

MARSHALL, J.—This is an original proceeding in prohibition to prohibit the carrying into effect of an order of Hon. Selden P. Spencer, judge of the circuit court, in the contested election case of Eugene McQuillan, contestant, vs. Joseph W. Folk, contestee, for the office of circuit attorney of said city. The order is similar to the order considered in State ex rel. Funkhouser v. Spencer, and what is said in that case applies with full force to the case at bar.

But in addition to the questions there raised and decided, the relator herein contends that the circuit court had no jurisdiction of the contested election case of McQuillan vs. relator, for the reason that the contestant did not serve upon the contestee a notice of the time and place when and where the petition would be presented, ten days before it was presented, as required by section 7057, Revised Statutes 1899.

The provisions of the statutes relied on by relator are these: Section 7069, Revised Statutes 1899, provides that contests over the election of any circuit attorney or assistant circuit attorney shall be heard and determined by the circuit court of

the county or city wherein either contestant or contestee resides.

Section 7070 provides: "All proceedings for contesting elections of circuit attorney or assistant circuit attorney, shall be conducted in all respects as provided for contesting elections of judges of circuit courts."

The statutory provisions for conducting contested elections for judges of the circuit courts are these: Section 7061 provides that such contests shall be heard and determined before the circuit judge of an adjoining circuit, whose place of residence is nearest to the residence of the contestee. Section 7062 provides: "If any person contests the election of judge of the circuit court, he shall, within forty days after the election, file, in the office of the clerk of the circuit court of the county in which the contestee resides, a petition, setting forth the points on which he will contest the same and the facts which he will prove in support of such points and shall pray for leave to produce his proofs." Section 7063 provides for issuing a summons upon said petition, as near as may be, the same as an ordinary summons, and how the summons shall be served. Section 7064 provides that the contestee may answer within thirty days after being served with summons, and also provides that the clerk shall immediately notify the judge of the circuit court, whose residence is nearest to the court where the contest is filed, of the filing of said petition and answer, "and the said judge shall be possessed of said cause and have jurisdiction to try the same and may at once appoint a commissioner to take testimony in the same way and manner as provided for contest of State officers." Provision is also made for an appeal to the Supreme Court "as in ordinary civil cases."

Section 7065 regulates the practice in the appellate court. Section 7066 is as follows: "The provisions of sections 7057, 7058, 7059 and 7060, concerning contests and proceedings therein in the Supreme Court and before the judges thereof,

shall be applicable to and shall govern contests for the office of circuit judge, and proceedings therein in the circuit courts, and before the judges thereof." The provisions of the sections here referred to are as follows: Section 7057 provides, that if any person contests the election of judge of the Supreme Court, judge of either of the Courts of Appeals, Superintendent of Public Schools, Secretary of State, State Auditor, State Treasurer or Attorney-General, "he shall present a petition to the Supreme Court at the first term next after the election, or to any three judges thereof in vacation, within forty days after the election, setting forth the points on which he will contest the same and the facts which he will prove in support of such points, and shall pray for leave to produce his proof. The contestee shall be served with a copy of such petition, *and a notice of the time and place of the presentation of the same, ten days before the same shall be presented,* and the contestee may, upon the presentation of such petition, file his answer thereto, specifying reasons why his election should not be contested." Section 7058 provides for appointing a commissioner and the taking of testimony; section 7059 defines the power of the commissioner; section 7060 regulates the practice before the commissioner.

Thus a contested election case for the office of circuit attorney and assistant circuit attorney is required to be conducted in all respects like contested election cases for judges of the circuit court, except that it is tried in the circuit court of the county or city where the contestant or contestee resides. Contested election cases for judge of the circuit court are begun by filing a petition in the office of the clerk of the court of the county in which the contestee resides, within forty days after the election, but the case is to be tried before the circuit judge of an adjoining circuit, whose place of residence is nearest to the residence of the contestee. Upon the filing of the petition a summons issues, as near as may be the same as an ordinary

summons. The contestee is allowed thirty days after being served to file an answer, and upon the filing of the answer the judge aforesaid becomes possessed of the cause and has jurisdiction to hear and try the case, and may appoint a commissioner to take testimony, and the losing party is given the right of appeal to the Supreme Court. But the provisions of the statute in reference to proceedings to contest the election of State officers are made applicable to the proceedings in a contest for the office of circuit attorney. Among those provisions is that contained in section 7057, that: "The contestee shall be served with a copy of such petition, *and a notice of the time and place of the presentation of the same ten days before the same shall be presented."* The provisions hereinbefore set out (sections 7062 to 7065, inclusive) are new provisions and appear for the first time in the Revised Statutes of 1899. The other provisions referred to have long been a part of the laws of this State.

The ten days notice of intention to file the petition, required by section 7057, has been held by this court to be necessary to give the court jurisdiction of the person, and cases where such notice has not been given have been dismissed for such failure. [Castello v. St. Louis Circuit Court, 28 Mo. 259; Wilson v. Lucas, 43 Mo. 293; Higbee v. Ellison, 92 Mo. 13.]

But respondents here maintain that sections 7062 to 7065 constitute a new scheme or code of procedure for contesting the election of a circuit judge (and the same as to a circuit attorney or assistant circuit attorney), and, hence, section 7066 is repealed by necessary implication, and, therefore, the ten days notice required by section 7057, of intention to file the petition, is no longer necessary.

Repeals by implication are not favored. This is now axiomatic in the law in this State. [Manker v. Faulhaber, 94 Mo. 430; State ex rel. v. Macon County Court, 41 Mo. 453;

State ex rel. v. Slover, 134 Mo. 10.]

A later statute will not repeal a prior one unless there is such repugnancy between them that the two can not stand together or be consistently reconciled. [Glasgow v. Lindell, 50 Mo. 60; Railroad v. Cass Co., 53 Mo. 17; State ex rel. v. Dolan, 93 Mo. 467; Kansas City v. Smart, 128 Mo. 272; State ex rel. v. Walbridge, 119 Mo. 383; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Stratton, 136 Mo. 423.] If two statutes can be read together without contradiction or repugnancy or absurdity or unreasonableness, they should be read together and effect given to both. [Ex parte Joffee, 46 Mo. App. 360.]

Applying these principles to the case at bar, it is apparent that every requirement of the new sections of the revision of 1899 can be fully complied with and that the ten days notice, required now and before these new sections of the law were enacted, can be given. So that there is no repugnancy or conflict between the old and the new provisions of the law. The new sections have been placed in the Revised Statutes between section 7057, which requires the ten days notice, and section 7066, which provides that section 7057 shall apply to all contested election cases for judge of the circuit court. There is absolutely nothing in any requirement of the new sections that makes it impossible or unreasonable to comply with the old law as to the giving of the notice. Hence, there is no repeal by implication present in this case. And, as pointed out, the failure to give the notice required would be fatal to the contestant's case.

In this case, however, the contestee appeared and filed an answer and cross-charges. By so doing he waived the failure to give the notice required by section 7057. [State ex rel. v. Board of Equalization, 108 Mo. l. c. 243; State ex rel. v. Springer, 134 Mo. 227.] Consent can not confer jurisdiction over

the subject-matter. [Abernathy v. Moore, 83 Mo. 65; State v. Bulling, 100 Mo. 87.] But the court had jurisdiction over the subject-matter by law. Consent can confer jurisdiction over the person, and a party, *sui juris*, may waive even the issuance of a summons and appear and answer. If he does so he is as completely in court as if he had been brought in by notice or process. [Coleman v. Farrar, 112 Mo. 54; Fithian v. Monks, 43 Mo. 502; Thompson v. Railroad, 110 Mo. 147; Leonard v. Sparks, 117 Mo. 103.] If the contestee desired to avail himself of the want of notice, he should have seasonably interposed an objection on that ground by a limited appearance to dismiss. [Thompson v. Railroad, 110 Mo. 147.]

For the reasons given in State ex rel. Funkhouser v. Spencer, 164 Mo. 23, the preliminary rule prohibiting the carrying into effect the order here involved is made absolute. All concur, except *Robinson, J.,* who dissents.

