## THE STATE ex rel. HANCOCK v. SPENCER, Judge.
(No. 10976.)

In Banc, December 21, 1901.

1. **Election Contest: JURISDICTION: FAILURE TO GIVE NOTICE.** Unless the contestant for the office of assistant circuit attorney gives the ten days' notice required by the statute to the contestee, of his intention to file a petition for contest, etc., the court has no jurisdiction to try the contest.

2. ———: ———: ———: FILING OF ANSWER: SEVERAL PLEAS IN ONE ANSWER. The filing by the contestee of an answer to the petition does not confer jurisdiction on the court, nor waive the necessity for the ten days' notice. And a plea in abatement that the ten days' notice was not given is not waived if contained in the same answer which contains a plea to the merits. The statute provides for only one pleading by contestee, who "shall answer said petition within thirty days after the serving thereof, specifying reasons why his election should not be contested;" and this answer must contain all the defenses he has, and nothing is waived by the answer except such things as are not set up therein. And it being admitted

that the ten days' notice was not given, this court will, by prohibi-
tion, prohibit the circuit court from proceeding in the case on its
merits, because it was without jurisdiction in the matter.

3. ———: APPLICATION OF CODE THERETO. The law regulating the
manner of conducting a contested election case is a code unto itself.
The provisions of the Code of Civil Procedure are not applicable
to such contest.

## Prohibition.

RULE MADE ABSOLUTE.

*John H. Overall* for relator.

The defendant, Spencer, attempts to justify the order
herein by alleging that the court in this matter heretofore in
this court held that plaintiff Hancock by filing an answer
waived the failure to give the ten days' notice required by sec-
tion 7057, Revised Statutes 1899. It would perhaps be suffi-
cient to say that the preliminary rule entered in the former
case, prohibiting respondents from carrying into effect the or-
der there involved, was made absolute. At that hearing the
relator relied upon the proposition that to confer jurisdiction
on the circuit court it was incumbent upon the contestant to
allege in his petition and show that the ten days' notice had
been given. This proposition the court denied, holding that
by answering the defendant can give jurisdiction of the person,
the court having by law jurisdiction of the subject-matter.
Now, however, relator shows to the court that respondent
Hodgdon did not serve relator with a notice of the time and
place of the presentation of said respondent's petition to the
circuit court or a judge thereof ten days before the same was
presented, and that by plea in abatement the relator reserved his
rights. It was decided in the case of State ex rel. Folk v.
Spencer et al., 164 Mo. 48, that the provision of section 7057

that "The contestee shall be served with a copy of such petition, and a notice of the time and place of the presentation of the same ten days before the same shall be presented," applies to contested elections for the office of circuit attorney and assistant circuit attorney. It is, therefore, not necessary to review this question at this time. The court had before it in that case all the law upon the subject and fully considered it and respondent Spencer does not pretend to controvert the correctness of that decision. The only question presented now, then, is whether a plea in abatement, under the Missouri Code, may be included in the answer to the merits. This question has been settled by this court in case of Little v. Harrington, 71 Mo. 390. This decision has since been affirmed in Byler v. Jones, 79 Mo. 263; Christian v. Williams, 111 Mo. 443, and Nichols v. Stenns, 123 Mo. 96-118; Bliss, Code Pleading, 345.

*McCoy & Gillespie* for respondents.

(1) Petitioners are estopped as to the question raised by petitioner's demurrer in the cause wherein Hodgdon is respondent. When the previous writ of prohibition was granted it was then decided by this court that Hancock was within the jurisdiction of the respondent Spencer's court by reason of having filed answer to contestant Hodgdon's petition, although petitioner had filed his plea in abatement as a part of said answer. Counsel for respondents urge that petitioner can not now plead, as a ground for prohibition herein, want of ten days' notice which this court has ruled is required by the statute. (2) As to the proposition raised by counsel for petitioner that a plea in abatement and an answer can be pleaded at one and the same time, counsel for respondents urge that contestee can not appear and disappear at the same time. A party can not occupy the ambiguous position partly appearing

and partly not appearing. Tower v. Moore, 52 Mo. 118; Orear v. Clough, 52 Mo. 55; Smiley v. Cockrell, 92 Mo. 105; Hutlett v. Nugent, 71 Mo. 131; Peters v. Railroad, 59 Mo. 406; Krouski v. Railroad, 77 Mo. 362; Pry v. Railroad, 73 Mo. 123; Baker v. Railroad, 107 Mo. 230; Barnes v. Mc-Mullin, 78 Mo. 260. (3) Counsel for respondents urge that section 7064, Revised Statutes 1899, specifically states that jurisdiction is acquired by the circuit court upon filing of answer as petitioner admits is done and in this proceeding this court can not presume that the circuit court will not grant the plea in abatement of petitioner if proper so to do, and until that is passed upon the circuit court is fully possessed of the cause. (4) This proceeding can not take the place of an appeal. (5) Petitioner's remedy on the plea in abatement is by appeal and the mere filing of the answer gives the circuit court jurisdiction. Contestors file petitions charging nine different grounds of fraud against contestee. Contestee files answer denying fraud of ballots cast for him but alleges thirteen different grounds for contest of votes cast for contestor. When both sides are charging fraud, why should all parties not be willing to open the ballot boxes to see which charges are true? How can contestee urge want of circuit court jurisdiction for want of notice when he has filed a counter petition alleging fraud. (6) Answering to merits of contestor's petition confers jurisdiction. See authorities cited.

MARSHALL, J.—This case was here once before and is reported in 164 Mo. 55. It then appeared to be on all fours with the case of State ex rel. Folk v. Spencer, 164 Mo. 48, and was disposed of by the decision in that case. The circuit court made the same order in this case that it made in the case of State ex rel. Funkhouser v. Spencer, No. 10975. The notice of contest in this case is similar to the notice in the Funkhouser case, except that it charged that all the 136,000 votes cast at the election for assistant circuit attorney were fraudu-

lent, and did not except the three hundred in the fourth ward referred to in that case.   The contestant did not give the ten days' notice of intention to file his petition in contest as required by section 7057, Revised Statutes 1899, and which was held in the Folk case to be a necessary prerequisite to confer jurisdiction upon the circuit court.   In the Folk case it was held that by appearing and answering to the merits and by not objecting to the failure to give the ten days' notice, the contestee had waived that question and had conferred jurisdiction upon the circuit court.   At that time it appeared from the record before us that this petitioner had done the same thing. The preliminary rule in prohibition in the Folk case and in this case was then made absolute for the reasons given in the Funkhouser case, 164 Mo. 23.   Afterwards the circuit court made the same order in this case that it made in the Funkhouser case, No. 10975, just decided. What is now said in that case, except as to the three hundred votes in the Fourth ward, applies equally to this case, and results in making the preliminary rule absolute in this case also.

But in addition to what is said in that case, it now appears that this petitioner, on the twenty-fourth of December, filed an answer to the contestant's petition, denying the allegations thereof, and further alleging that the circuit court ought not to take jurisdiction of said contest for the following reasons:   "Because contestant did not present his petition to said court at the first term holden next after the election, nor to a judge of said court in vacation within forty days after said election, setting forth the points on which he would contest the same, and because contestant did not serve the contestee, nor cause the contestee to be served with a notice of the time and place of the presentation of said petition to said court or a judge thereof, ten days before the same was presented."

Afterwards on July 1, 1901, the contestee filed in the circuit court a motion to dismiss the contested election case, and assigned as grounds for the motion the following:   "First,

contestant did not give to contestee a notice of the time and place of the presentation of his petition herein, ten days before the presentation of the same, as required by law; second, the petition of contestant does not set forth the points on which he will contest contestee's election and right to said office of assistant circuit attorney and the facts which he will prove in support of such points; third, the petition of contestant does not give the names of the voters to whose qualifications as voters objections are made by contestant in said petition and whose votes he intends to contest, but in pretended compliance with the rule requiring the giving of such names, he has filed a copy of the registration lists of the city of St. Louis, containing practically the names of all the voters of said city, which is not a compliance with said rule."

The circuit court overruled this motion on July 9, 1901. Thereafter the petitioner applied to one of the judges of this court, in vacation, and obtained a preliminary rule in prohibition. The respondents admit the facts and rulings stated and attempt to justify the rulings.

Respondents contend "that section 7064, Revised Statutes 1899, specially states that jurisdiction is acquired by the circuit court upon filing of answer," and therefore the petitioner waived the failure to give the ten days' notice.

Section 7063 provides for the filing of the petition in a contested election case like this, the issuance of a summons and the manner of serving the same.

Section 7064 is as follows:   "Such contestee shall answer said petition within thirty days after the serving thereof, specifying reasons why his election should not be contested, and upon the filing of said answer, the said clerk shall immediately notify the judge of the circuit court, whose residence is nearest to the said court where the contest is filed, of the filing of said petition and answer, and the said judge shall be possessed of said cause and have jurisdiction to try the same and may at once appoint a commissioner to take testimony in

the same way and manner as provided for contest of State officers. Upon the hearing of said contest, either party may appeal from the judgment of the circuit court to the Supreme Court in the same way and manner as in ordinary civil cases."

It is upon this foundation that respondents rest their contention that "jurisdiction is acquired by the court upon filing of answer." That is, that the filing of the answer confers jurisdiction. Manifestly that is a misconception of the statute, for if it is the filing of the answer which confers jurisdiction, then the contestee could defeat the jurisdiction by failing to file an answer. The lawmakers never intended to put it in the power of a defendant to prevent jurisdiction of the circuit court from attaching or to defeat the contestant's suit, by simply making default. On the contrary the statutes plainly provide the manner of conferring jurisdiction and of bringing a contestee into court. That is, the ten days' notice of intention to file the petition required by section 7057 must first be given. Then the petition must be filed and the summons issued and served as provided by section 7063. The case is then in court and the contestee is in court, whether he answers or not, and the court has jurisdiction whether he answers or not.

It is contended further that although the ten days' notice was not given, and although the contestee pleaded that fact in abatement of the action, the contestee waived that by also pleading, in the same answer, to the merits, or stated as respondents tersely do, a defendant "can not appear and disappear at the same time."

At the outset it is proper to note that the law regulating the manner of conducting a contested election case is a code unto itself. That code is embraced in article 1 of chapter 102, Revised Statutes 1899. That article does not make the provisions of the Code of Civil Procedure (chap. 8, R. S. 1899) applicable to contested election cases, and section 675 of article 6 of chapter 8, Revised Statutes 1899 (the Code of Civil Procedure) does not make the provisions of the Civil Code

applicable to contested election cases.   Therefore the rights of the parties, the manner of procedure and of pleading, must be determined by the provisions of article 1 of chapter 102. The only provision relating to the method and manner of pleading by the defendant is provided by that article and chapter, and section 7064 of that article and chapter contains all the law there is on that subject.   That section provides: "Such contestee shall answer said petition within thirty days after the serving thereof, specifying reasons why his election should not be contested," etc.   Only one pleading is therefore provided for a contestee and that is an answer.   In that answer the contestee is required to specify "reasons why his election should not be contested."   All the reasons the contestee intends to rely upon must be specified at once and in the same answer, whether those reasons be such as in ordinary common-law actions or in actions under the code are denominated pleas in abatement, or in bar or to the merits or dilatory pleas, and whether they raise issues of law or issues of fact.   Therefore, an answer in a contested election case must plead in abatement or to jurisdiction at the same time it pleads to the merits, and nothing is waived by the answer except such matters and objections or reasons as are not set up in the answer.   The answer in this case specially pleaded to the jurisdiction, in that the ten days' notice had not been given.   That fact is not controverted.   Such a notice is necessary to confer jurisdiction. [State ex rel. Folk v. Spencer, 164 Mo. 48.]   This being true, the circuit court never acquired or had jurisdiction of the contested election case and should have so held and dismissed the case.   Not having jurisdiction of the case it had no power to make any order for the recount or examination or comparison of the ballots, for such an order can only be made in a·contested election case after the court has obtained jurisdiction.   Hence, a defendant in a contested election case may appear, answer, showing that the court has no jurisdiction, and also that there is no merit in the contestant's claim, and may

disappear upon his plea to the jurisdiction being found well taken, without the merits of the controversy ever being decided. The circuit court never acquired any jurisdiction in the contested election case of Hodgdon v. Hancock, and, hence, had no power to enter the order in question, or any order in reference to the ballots, and therefore the preliminary rule in prohibition heretofore issued is made absolute. *Burgess, C. J.,* and *Valliant, Sherwood, Brace* and *Gantt, JJ.,* concur; *Robinson, J.,* dissents.