THE STATE ex rel. SALE, Judge, v. McELHINNEY, Judge of Circuit Court of Thirteenth Judicial Circuit, et al.

**In Banc, October 23, 1906.**

1. **ELECTION CONTEST: Notice: In Circuit Court.** A notice in an election contest that contestant's petition will be filed in the circuit court is a sufficient notice of the place of filing. The expression "will be filed in the circuit court" is equivalent to "will be filed in the office of the clerk of the circuit court."

2. ———: ———: **With Nearer Judge: Surplusage.** The mere fact that the notice stated that the petition would be filed with a certain judge "and with such other qualified circuit judge if any there be whose residence is nearer than" that of the judge named, did not render the notice that it would be filed in the circuit court bad. Such additional matter is to be treated as unnecessary surplusage.

3. ———: ———: **Designation of Time.** A notice of contest that the contestant will "ten days after the service of this notice upon you file in the circuit court the petition," etc., sufficiently designates the time when the petition will be filed. The law maxim that that is certain which can be rendered certain is to be applied to such a notice.

4. ———: ———: ———: **Forty Days: Saturday and Sunday.** The election was on November 8th, and the notice stated that the petition would be filed "ten days after the service of this notice upon you, and within forty days after the date of the election above mentioned." The forty days ended on Sunday, December 18th. *Held*, that the petition was due on Saturday, December 17th, and that being ten days after the service of the notice upon contestee, the notice sufficiently designated the time when the petition would be filed.

5. ———: ———: **Insufficiency Waived by Appearance.** The contestee waived any insufficiency in the notice or any failure to give the notice required by the statute (sec. 7057, R. S. 1899), by appearing and filing answer to the merits.

6. ———: **Necessary Parties: Higher Vote for Another Candidate.** A contestant for an office is not precluded from maintaining his contest simply because another candidate than contestant and contestee received more votes, according to the election returns, than contestant did. If such third person received no certificate of election, and is setting up no claim to the office, it is impossible for contestant to contest with him for the position. Such third person is not a necessary party to a determination of the title to the office. But though such third person is not a party and cannot under the statute now contest for the office, it is nevertheless necessary for contestant to establish that he received the highest vote of any candidate for the office.

7. ———: ———: **Non-Joinder: Prohibition.** Prohibition will not lie on the ground that persons necessary to a determination of an election contest have not been joined as parties.

8. ———: **Admissions: Estoppel.** Where five vacancies in the office of circuit judge in a judicial circuit were to be filled at one election, contestant by admitting in his petition that four persons received more votes than he did is estopped from making any inquiry as to their title to the office, and is restricted in his contest to the contestee who was awarded the only remaining place.

### Prohibition.

PEREMPTORY WRIT DENIED.

*David Goldsmith, Jos. W. Jamison* and *W. Frank Carter* for relator.

(1) Under the decisions of this court in State ex rel. v. Spencer, 164 Mo. 23, and State ex rel. v. Spencer, 166 Mo. 279, it is settled that it was incumbent upon the contestant to give the notice required by section 7057 of the Revised Statutes with respect to the contest proceeding, and that the failure of the contestant to give such notice constitutes a jurisdictional defect warranting the issue of the writ of prohibition sued for

in this action. The contestant undertook to give this notice with respect to the filing of the contest, but the notice which he gave fails to comply with essential requirements. The statute required the notice of contest to be filed in the office of the clerk of the circuit court of the city of St. Louis (R. S. 1899, sec. 7062) ; the notice of contest, however, did not state that the petition would be filed in that office. Indeed, it was indefinite both as to the specification of the place and time of the filing of the petition, and too uncertain in these respects to answer the purpose of any notice. As to the time of filing, it stated that the petition would be filed ten days after the date of its service and within forty days after the date of the election; and as to the place of filing, it stated that it would be filed "in the circuit court of the city of St. Louis, and also with the Honorable J. W. McElhinney, judge of the circuit court of the Thirteenth Judicial Circuit for the State of Missouri  .  .  .  and with such other qualified circuit judge, if any there be, whose residence is nearer than that. of Judge McElhinney." Section 7057 requires the notice to state the time and place of presentation; and it follows that the time and place must be definitely specified. It is doubtful whether a notice stating that the petition would be filed ten days after the service of the notice, and within forty days after the election, specifies time with sufficient clearness, even when only one day answers both requirements, that is, is ten days after the service of the notice within forty days after the election? . It seems that the party notified should not be called upon to make calculations of this kind; and, therefore, that while such a notice would be definite as to time in the sense that that is certain which can be made certain, still it does not suffice for the purpose of practical notification. However, in this case, the time was uncertain because there were two days which answered the specification,

that is, which were ten days after the service of the notice and within forty days after the election, namely, December 17th and December 18th, 1904. It is true that December 18th was a Sunday, but it was not beyond the realm of possibility for the contestant to file his petition on a Sunday. The notice states that the petition would be filed in the circuit court of the city of St. Louis, with Judge McElhinney and also with any other judge whose residence might be nearer than that of Judge McElhinney. Certainly the petition could have been filed with either Judge McElhinney or any such other judge on a Sunday, and, if the designation of the circuit court as the place of filing is to be treated as meaning that the petition was to be filed in the office of the clerk, then, since the petition could have been filed in the office of the clerk on a Sunday, it was also possible to comply with the notice in this respect on that day. Indeed, even if the filing was to be made strictly in the circuit court of the city of St. Louis, that is, while the court, or one of its subdivisions, was in session, it could not at the date of the service of the notice have been said to be impossible for the contestant to file his petition in court on December 18th, since the circuit court is composed both of civil and criminal divisions, and either division may, as a matter of possibility, be in session on a Sunday. [R. S. 1899, sec. 1615.] What we have said seems to us to necessarily lead to the conclusion that the notice in question was uncertain and insufficient in its specification of the time of the filing of the petition; but it was also inadequate as to the place of the filing. The statute requires the petition to be filed in the office of the clerk of the circuit court. The notice stated that it would be filed in the circuit court with Judge McElhinney and also with any nearer judge, if there was one. None of these designations constitutes a designation of the proper place. The only one which will be

claimed as such a designation is that which states that the petition would be filed in the circuit court. But a notice that a petition will be filed in court is not equivalent to a notice that it will be filed in the office of the clerk of the court, especially when there are, as there were in this case, eleven subdivisions of that court sitting in different parts of the city. National Docks, etc., Company v. United New Jersey, etc., Co., 52 N. J. Eq. 336. Moreover, the notice stated that the petition would be filed in the circuit court and with Judge McElhinney, and with any other judge, if there was one, whose residence was nearer. It thus specifies at least two different places for the filing of the petition, and in that respect was uncertain. The authorities with regard to service of notice for the taking of depositions are analogous. With respect thereto it has been held that a notice, which states that the depositions would be taken on two or more successive days, is deficient for uncertainty in point of time. Benton v. Craig, 2 Mo. 198; Collins v. Richart, 14 Bush. 621; Uhle v. Burnham, 44 Fed. 729; Carmalt v. Post, 8 Watts 406; and Humphries v. McCraw, 9 Ark. 91. Also that, when the statute requires the notice to state before whom the depositions are to be taken, a notice that they will be taken before one of two magistrates will not suffice. Clough v. Bowman, 15 N. H. 504. And that a notice for the taking of depositions "at the court house in the city of New Orleans, in the State of Louisiana," does not adequately designate the place, when several courts are held in the building mentioned. Harris v. Hill, 7 Ark. 452. (2) The contestant cannot succeed in his present contest, because he cannot in this proceeding assail or question the vote in favor of Mr. Rule, nor the plurality of Mr. Rule's vote over his own returned by the election commissioners. It is clear that the contestant cannot succeed in his election contest without establishing that this canvass

was incorrect, both in declaring the vote in favor of the contestee to have been greater than his own, and in declaring the vote in favor of Mr. Rule to have been greater than his own. The mere fact that Mr. Rule did not contest the election of the contestee does not entitle the contestant to the office, even if the contestant's right is superior to that of the contestee. The contestant cannot succeed without proof that he was elected, for which it is essential that he should have received the highest vote of any of the candidates other than the four whose election is conceded. Sheridan v. St. Louis, 183 Mo. 25. But the contestant cannot, in his contest proceeding, establish by a recount that the Board of Election Commissioners erred in returning the vote in favor of Mr. Rule as greater than his own. To do this a recount of the votes cast for Mr. Rule would be necessary, since no comparison could be made without it; and such recount cannot be made for several reasons, namely: 1. Because it is not ordered by the writ, whose enforcement is sought to be prohibited; 2. because the petition of contest does not assail the vote in favor of Mr. Rule, or its plurality over that in favor of the contestant; 3. Because Mr. Rule is not a party to the contest proceeding. The statute speaks throughout of the contestant and contestee as the parties to the proceeding. The term "contestee" should, however, be held to be used in a generic and not in a particular sense, and therefore to include all parties whose rights are assailed by the contestant. That construction is required for a beneficial and fair administration of the law. It would be permissible at common law. Escheman's Appeal, 74 Pa. St. 47; Endlich on Interpretation of Statutes, sec. 38, p. 48; 2 Lewis's Sutherland on Statutory Construction, sec. 374, p. 717. In our State it is authorized by express statutory provision. R. S. 1899, sec. 4158; Cook v. Redman, 45 Mo. App. 397.

*Thomas J. Rowe* and *W. E. Fisse* for respondents.

(1) It is admitted that the petition was actually filed in the office of the clerk of the circuit court. It is also admitted that the contestee filed in the circuit court of the city of St. Louis an answer to the petition of the relator. It also clearly appears from the record in this case that no election contest proceeding between the parties is going on elsewhere than in the circuit court of the city of St. Louis. The expressions, filing in court, and filing with the clerk of the court, are identical in meaning. No paper can be filed in court except it be delivered to the clerk of the court, and be by him received to be kept on file, and, conversely, every paper filed with the clerk of a court is thereby filed in court. This is especially true of filings in the circuit court of the city of St. Louis. Consideration of the provisions of the statute with respect to what it is that a contestant is required to file, and consideration, also, of the effect which is by the statute given to this act of filing, enforces the conclusion that the object of any filing is to give jurisdiction to the circuit court. What is it that a contestant is required to file? The statute answers, a petition setting forth the points on which he will contest the election, and the facts which he will prove in support of such points. Where else than in the office of the clerk of the circuit court could a petition be filed that was intended to invite the issuance of process out of the circuit court? What could have been the intention of the statute in requiring the filing of the petition in the office of the clerk of the circuit court, except it was to inaugurate a proceeding in the court? The case cited by relator in his brief, to-wit, National Docks, etc., Co. v. United New Jersey, etc., Co., 52 N. J. Eq. 366, is a case of entirely different nature than the one now at bar. There is a very great distinction between filing a paper to initiate a judicial proceeding, and the act of making a payment into court as satisfac-

tion of some judgment of the court, or some award made by officers acting under its appointment and authority. Conduct like that brought before the court in the New Jersey case constitutes an action in satisfaction of a judgment, and it is, of course, a function of the court to determine whether the conduct amounts to satisfaction. There is nothing in the case of State ex rel. v. Spencer, 164 Mo. 48, which gives any countenance to the theory that in such a case as this the preliminary notice must state the intention to file the petition in the office of the clerk of the circuit court. (2) The filing of the petition in the present case has been followed by the filing of an answer by the contestee, to-wit, the relator herein. By such answer, which goes to the merits of the case, and is, in part, a cross-complaint against the contestant, the relator has submitted himself to the jurisdiction of the court, and has waived all objection to the insufficiency of the notice, either because of the alleged defect, or on account of any other alleged defect. 164 Mo. 48. (3) How can the relator, under any aspect of the remedy of prohibition, restrain the enforcement of the particular order in this case made for the recount of votes, upon the ground that some one was a candidate at the election whose vote the order does not require to be investigated, and whose interests cannot in any manner be affected by any proceeding had or taken in this case? The court has but lately again said that the remedy of prohibition is not a proper remedy to be applied for the settlement of pleadings, nor as a substitute for the ordinary methods of review by appeal or writ of error, and that it lies only to restrain excessive or wrongful exercise of jurisdiction. Inasmuch as it appears that the court here has jurisdiction of the subject-matter of this case, and inasmuch as it appears that there are before the court the necessary parties to fully determine the title to this office as between the contest-

ant and the contestee, what does it matter that some other person, not interested, is not joined as a party to the proceeding? It is perfectly clear that inasmuch as Mr. Rule was never awarded the office of judge of the circuit court, it is impossible to contest with him for the possession of something which he does not hold or have. As between the parties to this contest, neither one is entitled to have the office in question unless it is made to appear that he was among the candidates who received the greatest number of votes of all those persons who stood for the office at the election. Suppose it should appear as a result of this contest proceeding and a recount of the ballots as herein directed, that this relator did not have as many votes as Mr. Rule, would it then follow that the relator was not entitled to the office which he holds?

GANTT, J.—This is an application for an original writ of prohibition to issue out of this court, prohibiting Judge McElhinney from taking further cognizance and jurisdiction of an election contest begun by William Zachritz, Esq., against Judge Moses N. Sale for the office of judge of the circuit of the Eighth Judicial Circuit, which comprises the city of St. Louis. A provisional writ was issued out of this court upon the application, made returnable on the 23d of January, 1906, and duly served upon Judge McElhinney and the members of the Board of Election Commissioners and the secretary of said board, and upon the contestant, William Zachritz. On the return day of the rule, returns were filed by the several defendants named in the writ, and thereupon the relator filed a reply, and fifty days was awarded to the respective counsel to file their briefs, and an agreed statement of facts was filed by the respective counsel in the cause. It is sufficient for the purpose of this opinion to state that the following facts are admitted:  At the general election held on

November 8, 1904, five judges of the circuit court of the city of St. Louis were elected, there being five Republican candidates and five Democratic candidates. It is conceded that four of the Republican candidates, to-wit, Judges Fisher, Kinsey, Reynolds and Withrow, were elected, and that they duly received certificates of election, and have entered upon the duties of their offices; also that in canvass of the votes by the Election Commissioners, Judge Moses N. Sale, who was a Democratic candidate, was found and declared to have received 54,489 votes, Mr. Virgil Rule, also one of the Democratic candidates, 53,986 votes, Mr. William Zachritz, a Republican candidate, 53,123 votes, and the remaining three Democratic candidates, to-wit, William Christy Bryan, 53,106 votes, James R. Kinealy, 53,056, and John A. Blevins, 53,027 votes. On December 17, 1904, Mr. William Zachritz filed in the office of the circuit clerk of the city of St. Louis, a petition of contest; and subsequently, on the — day of December, 1905, and at the December term, 1905, of the said circuit court, an order was made for a recount of votes for said office of judge of the circuit court. The present proceeding is one for a writ of prohibition to prevent the enforcement of that order. While the petition for prohibition states many grounds as inducements to the making of a judgment in prohibiting, the brief and argument submitted by the relator, Judge Sale, in this cause, is based upon two propositions only, namely: first, that the notice given by the contestant, Mr. Zachritz, of his intention to file the contest proceeding, was insufficient to give the circuit court and Judge McElhinney jurisdiction to hear and determine said contest; and, secondly, that the petition of Mr. Zachritz was wholly insufficient in that he failed to join as a party defendant with said contestee, Virgil Rule, who was a candidate for the office of circuit judge at the election of November 8, 1904, and who, according to

the official return of that election, received a larger vote than the contestant, although he fell short of receiving such a vote as entitled him to receive a certificate of election.

I.    On December 7, 1904, Mr. Zachritz delivered to the relator, Judge Sale, the following notice of contest:

"St. Louis, Mo., December 7, 1904.

"Hon. Moses N. Sale: You are hereby notified that it is my intention to contest your election to the office of judge of the circuit court of the Eighth Judicial Circuit of the State of Missouri for the term of six years, beginning on the first Monday in the month of January, A. D. 1905, which office you claim, and to which office you have been declared elected and for which you have received a certificate of election from the Board of Election Commissioners of the city of St. Louis pursuant to their canvass of the votes cast at the election lately held, to-wit, on the 8th day of November last. Pursuant to the provisions of the statute in such cases made and provided I now deliver to you a copy of the petition prepared by me for the purpose of contesting your election as aforesaid, in which petition I have set forth the points upon which I shall contest your election and the facts which I shall prove in support of such points, which said petition I shall, ten days after the service of this notice upon you, and within forty days after the date of the election above mentioned, file in the circuit court of the city of St. Louis, and also with Honorable John W. McElhinney, judge of the circuit court for the Thirteenth Judicial Circuit of the State of Missouri, the same being an adjoining judicial circuit to the Eighth Judicial Circuit aforesaid, the residence of the Honorable John W. McElhinney, circuit judge as aforesaid, being the nearest to your place of residence of any circuit judge of any judicial circuit adjoining the said Eighth

Judicial Circuit, and with such other qualified circuit judge if any there be whose residence is nearer than that of Judge McElhinney. You are further notified that having filed the said petition in the said circuit court, and also with the said Hon. John W. McElhinney or other circuit judge as aforesaid, I shall ask for all proper process in said proceeding and take further steps therein according to law.

"W. ZACHRITZ."

The insufficiency of this notice is relied upon as the first ground for a writ of prohibition. The claim that it was insufficient was first made by motion of the contestee to dismiss the contest, the contestee appearing specially for that purpose only, and it was again made by the answer of the contestee.

By section 7066, Revised Statutes 1899, the provisions of sections 7057 and 7058, 7059 and 7060, concerning contests and proceedings therein in the Supreme Court and before the judges thereof, shall be applicable to and shall govern contests for the office of circuit judge and proceedings therein in the circuit courts and before the judges thereof. By section 7057 it is provided: "The contestee shall be served with a copy of such petition, and a notice of the time and place of the presentation of the same, ten days before the same shall be presented." In State ex rel. Folk v. Spencer, 164 Mo. 52, it was ruled that a contest of election for the office of circuit attorney is required to be conducted in all respects like a contest of election for judge of the circuit court, and that section 7057, supra, was applicable to such contests. In that case, it was said: "The ten days' notice of intention to file the petition, required by section 7057, has been held by this court to be necessary to give the court jurisdiction of the person, and cases where such notice has not been given have been dismissed for such failure. [Castello v. St. Louis Circuit Court, 28 Mo. 259; Wilson

v. Lucas, 43 Mo. 293; Higbee v. Ellison, 92 Mo. 13.]''

The first objection urged against the notice given by the contestant Zachritz to the contestee Sale, on the 7th of December, 1904, is that it failed to state that the contestant's petition would be filed in the office of the clerk of the circuit court as required by section 7062, Revised Statutes 1899. This contention is predicated upon the language of the notice given by contestant and hereinbefore set out, in which the contestee is notified that the contestant ''shall, ten days after the service of this notice upon you and within forty days after the date of the election above mentioned, file in the circuit court of the city of St. Louis, said petition.'' In other words, that a notice that the petition would be filed ''in the circuit court'' is not equivalent to filing ''in the office of the clerk of the circuit court.'' It is admitted that the petition was actually filed in the office of the clerk of the circuit court, and it is also admitted that the contestee filed an answer in the circuit court to the petition of the contestant. Under our laws, each clerk of the circuit court is required to keep the records, papers, seal and property belonging to his office, and no paper or pleading is considered to be filed in court unless it be delivered to the clerk of the court. We hold that the expression ''file in the circuit court'' is equivalent to ''file in the office of the clerk of the circuit court,'' and the two expressions are identical in meaning. The contestee could not have been misled to his hurt by the use of the words ''file in the circuit court'' instead of ''in the office of the clerk thereof.'' This point must be ruled against the relator herein.

The mere fact that the notice also stated that it would be filed with Judge McElhinney, and any nearer judge, if there was one, did not render the notice that it would be filed in the circuit court bad. But such

additional matter can and must be treated as unnecessary surplusage.

Another complaint is that the notice was fatally defective in not sufficiently designating the time when the petition would be filed. The notice stated that the contestant would "ten days after the service of this notice upon you file in the circuit court, the petition," etc. The maxim of the law that that is certain which can be rendered certain, must govern in this case, and when the notice stated that the petition would be filed ten days after the notice was served and within forty days after the election we think it was sufficiently definite. The argument that there were two days after the service of the notice which fell within the description of a term "forty days after the election," to-wit, December 17, 1904, which was Saturday, and December 18, 1904, which was Sunday, is, we think, without merit. The period of forty days after the election ended on Sunday, December 18, 1904, and under the law, the Sunday must be excluded, and hence the petition was filed on December 17, 1904, the last day on which it could be filed, and this was ten days after the service of the notice.

But there is a further answer to this whole contention on the part of the relator. It is admitted that as contestee he appeared in the circuit court and filed his answer to the merits of the case, which answer is in part a cross-complaint against the contestant, and having done so, he waived the failure to give the notice required by section 7057. [State ex rel. Folk v. Spencer, 164 Mo. l. c. 54, 55.] It follows, therefore, that in so far as the objections of the relator and contestee to the jurisdiction of the circuit court are founded upon the insufficiency of the notice, it must be held that they are not well taken, and the circuit court had jurisdiction of the contest.

II. But the relator asserts that the contestant can-

not maintain this proceeding without joining first as party defendant, Mr. Virgil Rule, who was also a candidate for the office of circuit judge at the election in question, and who, according to the final return, received a larger vote than the contestant, although he fell short of receiving such a vote as entitled him to receive a certificate of election. It is perfectly clear that as Mr. Rule was never awarded the office of judge of the circuit court, it is not possible to contest with him for the position of something which he does not hold or have. Mr. Rule might have instituted an election contest against all or that part of those who were declared elected over him at this election, but Mr. Rule has not exercised that right and as to him the results of the election have become final. This court has often said that the remedy of prohibition is not a proper one to be applied for the mere settlement of pleadings, nor as a substitute for the ordinary methods of review by appeal or writ of error, but lies only to restrain excessive or wrongful exercise of jurisdiction. It appears that the circuit court has jurisdiction of the subject-matter of this case, and it also appears that there are before that court the necessary parties to fully determine the title of this office as between the contestant and the contestee, and that court will not be prohibited from exercising this lawful jurisdiction in the premises because a party not interested in the contest was not joined as a party in that proceeding. We agree fully with the relator that the contestant cannot succeed without proof that he was elected, and it is essential that he should have received the highest vote of any of the candidates, other than the four whose election is conceded, and this is the position of the contestant in the circuit court, as he alleged in his petition that he had received a higher vote at the election than any of the persons who were candidates for the circuit

199 Sup.—6

judgeship, except the four whose election was admitted. By admitting that there were four persons who received an excess of votes over himself, contestant is estopped from making any inquiry as to their titles to the office, and is restricted in his contest to relator who was awarded the only remaining place. But after all this complaint against the petition is simply an objection on the ground of non-joinder of parties defendant, an objection which does not go to the jurisdiction of the court, but is one to be disposed of by the circuit court and subject to be reviewed in this court by appeal or writ of error, but not by a writ of prohibition. Our conclusion is that the preliminary rule in prohibition was improvidently granted and it is therefore quashed and the petition for prohibition denied.

*Brace, C. J., Burgess, Valliant, Fox* and *Lamm, JJ.,* concur; *Graves,* not having been a member of the court when this cause was submitted, takes no part in the decision.