THE STATE EX REL. HETTRICK MANUFACTURING COMPANY and MOLDED WOOD PRODUCTS, INCORPORATED, v. A. STANFORD LYON, Judge of Circuit Court of Jackson County.—12 S. W. (2d) 447.

Court en Banc, December 31, 1928.

*Edwards, Kramer & Edwards* and *Hackney & Welch* for relators.

*Nourse & Bell* and *W. H. H. Piatt* for respondent.

ATWOOD, J.—This is an original proceeding in prohibition attacking the jurisdiction of respondent as judge of the Jackson County Circuit Court to appoint Walter H. Maloney as receiver for the A. J. Stephens Company at the instance of the Firestone Tire & Rubber Company. Our preliminary rule was issued, respondent filed return, and relators thereupon filed motion for judgment on the pleadings.

It appears from the above pleadings that on January 4, 1928, Firestone Tire & Rubber Company, a general unsecured creditor of the A. J. Stephens Company, filed a petition in the Circuit Court of Jackson County seeking to recover from the latter company the purchase price of certain goods, wares and merchandise alleged to have been sold to said company, and asking for the appointment of a receiver *pendente lite;* that defendant, A J. Stephens Company, filed answer admitting its incorporation, denying all other allegations, and reserving the right to answer further; that on the same

day the said court made an order appointing Walter H. Maloney as receiver, who thereupon duly qualified and took charge of the property of said company; that on the same day said court made an order allowing plaintiff in said cause to file its amended petition to conform with the proof which had been presented on the hearing that day had, and said amended petition was thereafter on January 17, 1928, duly filed; that defendant filed answer admitting its incorporation, that its assets far exceeded its liabilities and that the rumors of bankruptcy threatened and carried out were true, but denying each and every other allegation; that on January 4, 1928, there was filed in the District Court of the United States for the Western Division of the Western District of Missouri, a petition in involuntary bankruptcy against the said A. J. Stephens Company, and thereafter, on January 5, 1928, J. F. Charlesworth was appointed receiver in said bankruptcy proceedings; that on January 11, 1928, the Molded Wood Products, Incorporated, one of the relators herein, together with other creditors of said company, filed an intervening petition in bankruptcy and thereafter requested that J. F. Charlesworth be ousted; that on January 16, 1928, H. H. McCluer was appointed co-receiver to serve and act with J. F. Charlesworth theretofore appointed; that pursuant to order of the Federal court said co-receivers filed with and presented to respondent herein their suggestions that they were entitled to the possession of the property and assets of the said A. J. Stephens Company, which suggestions were argued and taken under advisement; that on January 11, 1928, Molded Wood Products, Incorporated, one of the relators herein, filed its motion to be made a party defendant in said suit in the State court, which motion was on January 17, 1928, heard and overruled by respondent herein; that on February 28, 1928, at a duly called meeting of the alleged bankrupt's creditors said alleged bankrupt was examined by and through its officers, and on March 3, 1928, said alleged bankrupt filed its offer of composition to its creditors in said Federal court; that on March 8, 1928, said Federal court directed that a meeting of creditors be held to consider said offer of composition before adjudication; that relators duly participated in said bankruptcy proceedings, appearing and filing their respective claims before the referee in charge thereof and as special master on March 20, 1928; that on March 26, 1928, Fred S. Hudson, referee in said bankruptcy proceedings, filed his report as special master stating that the alleged bankrupt had duly submitted an offer of composition which had been accepted by the creditors, and recommending that the composition be approved; that on February 18, 1928, relators, who were unsecured general creditors of the A. J. Stephens Company, filed their petition herein, and on March 11, 1928, our preliminary rule was issued commanding respondent to show cause

on April 16, 1928, why a final judgment in prohibition should not be entered as prayed and in the meanwhile to refrain from all action in the premises until further order; service thereof was duly waived and respondent filed his return April 16, 1928, and thereafter relators filed motion for judgment on the pleadings. It further appears from respondent's supplemental return filed October 20, 1928, that on May 14, 1928, said Federal court confirmed said composition with the creditors; that on the application of relators herein and some other creditors said order of confirmation was set aside on May 23, 1928, and the matter was again referred to the referee as special master to hear evidence in support of and in opposition to the objections made; that said referee duly heard said evidence and made his report, again recommending that said offer of composition be confirmed, and on October 18, 1928, said report of the referee was approved and said composition was confirmed.

Relators contend that respondent acquired no jurisdiction to appoint a receiver either under the original petition or under the amended petition of the Firestone Tire & Rubber Company, and that our provisional rule in prohibition should be made absolute. Our first concern, however, is whether or not on the facts now presented prohibition will lie. A writ of prohibition is not a writ of right and before such is granted it must appear, "first, that the law sanctions it, and second, that a sound judicial discretion commends it." [Davison v. Hough, 165 Mo. 561, 575; State ex rel. v. Sale, 188 Mo. 493, 496.] Nor are we concluded or controlled at this stage of the proceeding by the fact that our preliminary rule has already been issued, for a sound application of the law and the exercise of a sound discretion are just as essential and efficacious on a final consideration of the whole matter.

A careful study of the pleadings filed herein leads us to the conclusion that our preliminary rule should be discharged and this proceeding dismissed because it now clearly appears that relators were not without an adequate and speedy remedy at law. They, like the plaintiff Firestone Tire & Rubber Company, were general unsecured creditors of the A. J. Stephens Company, but they did nothing to establish their claims at law except one of them filed a motion to be made a party defendant in the Firestone Tire & Rubber Company suit, and when this motion was denied it took no appeal from the court's action thereon. No other effort was made to become a party to this proceeding and challenge the appointment of the receiver therein, or to sue independently on their claims. Had they tried and been unsuccessful below their contentions could have been speedily heard on appeal, for Section 1469, Revised Statutes 1919, provides that "the supreme court shall summarily hear and determine all appeals from orders refusing to revoke, modify or

change an interlocutory order appointing a receiver or receivers, and for that purpose shall, on motion, advance the same on its docket.'' In such case prohibition does not lie. [High on Extraordinary Legal Remedies, sec. 765; State ex rel. v. Stobie, 194 Mo. 14, 52; Schubach v. McDonald, 179 Mo. 163, 182; Wand v. Ryan, 166 Mo. 646, 648; State ex rel. v. Scarritt, 128 Mo. 331, 339.]

Furthermore, it appears from relators' participation in the bankruptcy proceedings in the Federal court that they now seek to establish and recover their claims against the A. J. Stephens Company in that jurisdiction, and have to all practical intents and purposes abandoned the instant case as a means to that end. Hence, the issues here presented become moot. Relators insist that such is not the result of their course because they intend to appeal from the order of the Federal court approving the alleged bankrupt's com-creditors in this jurisdiction. We think the matters originally of their appeal, even if taken, would change the situation. It is evident that all claims against the alleged bankrupt must eventually be settled or adjudicated in the Federal court whatever may be the result of relators' appeal. No adjudication that we could make in the proceeding now before us would affect relators' claims in the jurisdiction to which they are now committed. The purpose of this proceeding was to stop the administration of the property and assets of the A. J. Stephens Company by respondent and relators' right to prosecute the same was based on an alleged interference with their right to pursue the ordinary legal remedies available to general creditors in this jurisdiction. We think the matters originally presented are now clearly moot and the only appropriate action we can take is to discharge our preliminary rule and dismiss the proceeding. [State ex rel. Winkelman v. Westhues, 269 S. W. (Mo. Sup.) 379.]

Preliminary rule discharged and proceeding dismissed. All concur.