State of Missouri ex rel. John V. Goodson et al., Relators, v. J. D. Hall, Justice of the Peace, Respondent.—72 S. W. (2d) 499.

Kansas City Court of Appeals. May 25, 1934.

*John V. Goodson* for relators.

*Maurice M. Winger* for respondent.

PER CURIAM:—Relators, on April 26, 1934, applied to this court for a preliminary writ of prohibition against respondent Justice of the Peace, Hudson Township, Macon County, Missouri, forbidding him from holding further cognizance of the case of Penn. Mutual Life Insurance Company, Plaintiff, v. John V. Goodson and Simeon Pagett, Defendants, in a suit in unlawful detainer for the possession of a farm of 433.39 acres in said county. Our preliminary writ was issued, made returnable May 21, 1934. On that day relators and respondent duly appeared, and the latter having filed a demurrer and motion to quash on May 1, 1934; and later, suggestions and

briefs, for relators and also for respondent, were heretofore filed, on the question of whether the final writ should issue, and also on the demurrer and motion to quash, the case is submitted on said briefs and set for May 25, 1934.

The unlawful detainer suit was filed on March 5, 1934, in the Justice Court of C. F. Hale, Justice of the Peace in Macon County, Missouri. The petition or complaint was not sworn to as required by Section 2450, Revised Statutes of Missouri 1929. However Justice Hale issued summons for the defendants therein (relators herein), returnable March 12, 1934. On this date defendant Simeon Pagett appeared and filed affidavit applying for, and he obtained, a change of venue, the defendant John V. Goodson making and filing said affidavit, which was done before a jury was sworn or anything else was done in the case. Justice Hale immediately granted the change of venue and sent the case to Justice Hall, the respondent herein, and the case was set down for trial in said court of Justice Hall on March 17, 1934. On that morning and before anything was done in the case, the affidavit of a duly authorized agent of the plaintiff in said unlawful detainer suit was filed and duly attached to the complaint. To this, the defendants objected at the time, and thereupon they filed motion to dismiss the cause, reciting in said motion that defendants appeared "for the purpose of this motion and for that purpose only, and having objected to the attempted amendment of the complaint herein by causing the same to be sworn to and swearing to the same at this time, moves the court to dismiss this cause, because the complaint as filed and served upon the defendants is (not), and was not, sworn to as required by law, and the justice has no jurisdiction to entertain and try this cause for that reason, and for the further reason that the complaint cannot be amended by swearing to the same at this time so as to confer jurisdiction." The justice, overruled the objection and, having allowed the amendment, "the defendants, with their attorney, immediately left the justice court room and made no further appearance contending that the Justices Hale and Hall were both wholly without jurisdiction for the reason neither ever had had jurisdiction of the subject-matter because the complaint was not sworn to when filed originally before Justice Hale."

Thereupon the justice heard the evidence, found for plaintiff and rendered judgment in said unlawful detainer suit and, as the justice was threatening to proceed further and evict defendants (relators herein), this proceeding in prohibition was brought.

The only defect charged against the complaint is that it was not sworn to. This raises but two fundamental questions in this proceeding and they are presented by the pleadings. They are (1) did the respondent Hall have authority to permit the complaint to be sworn to, or amended by having the affidavit attached thereto, (2)

did the said justice, after the amendment, have jurisdiction of the subject-matter and of the defendants in the unlawful detainer action? If these are decided in the affirmative, then there is no lack of jurisdiction on which to base or authorize the permanent writ of prohibition, and the demurrer and motion to quash the preliminary writ should be sustained.

In counties like the county of Macon, unlawful detainer is cognizable before any justice of the peace of the county in which detainer is committed. [Section 2449, R. S. Mo. 1929.] In Section 2470 of said statutes, it is provided that:

"Sec. 2470. *Amendments permitted and new parties added, when.* Any justice may, in open court and at any time, in furtherance of justice and on such terms as may be proper, on motion of either party, allow any complaint, summons, writ or other proceeding to be amended and permit new parties as coplaintiffs or codefendants to be added and correct a mistake in the name of either party."

It will be observed that the amendment involved herein was permitted and made in the *justice* court, hence decisions holding that amendments as to a jurisdictional matter cannot be made *in the circuit court on appeal* are not in point. The Section 2470, Revised Statutes of Missouri 1929, is very broad, and so long as the amendment is made in the justice court, we do not see wherein we are authorized to limit the scope of the section by holding that it does not include the amendment permitted in this case. It has been suggested that Justice Hall acquired no jurisdiction over the subject-matter, for want of the affidavit, and, therefore, he could not allow the amendment, as this would require an exercise of jurisdiction. It should not be overlooked that Justice Hall, being in the same county where the alleged unlawful detainer was committed, had, under Section 2449, Revised Statutes of Missouri 1929, hereinabove referred to, the same jurisdiction over the subject-matter of the suit as did Justice Hale. The suit could have been brought originally in Justice Hall's court, so far as jurisdiction over the subject-matter is concerned, and it was *defendants* who took the change of venue to said last named court. In other words, the amendment, when made, was of the same validity as if it had been made while it was in Justice Hale's court, otherwise Section 2470 is made narrower by judicial construction than the Legislature, in its wisdom, chose to make it.

Section 2470, Revised Statutes of Missouri 1929, was first enacted March 23, 1901. Prior to that there was no law permitting an amendment *in unlawful detainer*. In Johnson v. Fischer, 56 Mo. App. 552, 556 (decided prior to March 23, 1901, namely, in February, 1894), Judge ELLISON refused to remand, saying that although the Supreme Court in Mitchell v. Missouri Pacific R. Co., 82 Mo. 106, had held that Section 6347 (then Sec. 3060, R. S. Mo. 1879) authorized amendments "which would *supply a jurisdictional omission*" but

as that section had reference to *ordinary actions* before justices of the peace, it could not apply to the case he was writing.

But Section 2470, passed *after* the Johnson v. Fischer case was decided, *does* apply to unlawful detainer cases for it is in that statute (Art. 2, Chapter 11, R. S. Mo. 1929). As heretofore said, it is very broad, for it says "*Any* justice may . . . *at any time* . . . allow *any complaint* to be amended." As the Supreme Court, in the Mitchell case, supra (82 Mo. 1. c. 109), said of the aforesaid *general* statute, so we say of Section 2470: "Its language is too plain to admit of much doubt that it meets a case like this and authorized the amendment."

As to jurisdiction over the defendants, the record shows that both appeared in response to the summons, and one filed for the other an affidavit for a change of venue which was granted, and on the day set for hearing in that court, all parties appeared; and when plaintiff sought to amend the complaint by attaching thereto the affidavit, defendants *objected*, and when overruled, filed a motion to dismiss. We think that defendants waived any possible lack of power to issue summons before the complaint was sworn to, and entered their personal appearance, not only by applying for and obtaining a change of venue, but also by appearing in court after the change of venue was granted and objecting to proceedings in the court to which the case was sent. The fact that the motion to dismiss recites that defendants appear "for the purpose of the motion only" cannot have the effect of withdrawing their appearance already theretofore entered.

If the foregoing is a correct interpretation of the situation, then as stated heretofore, the foundational ground for a writ of prohibition (namely, lack of jurisdiction) is wanting. The defect, if any, complained of is not a matter striking at and fatal to the jurisdiction of the justice over the subject-matter of unlawful detainer suits. If anything, it is a mere *irregularity* in the proceeding to hear and determine the case, and could be taken advantage of on appeal fully as well as by this extraordinary proceeding. The latter cannot be used to take the place of an appeal, writ of error or *certiorari*, State ex rel. v. Stobie, 194 Mo. 14; State ex rel. v. Hartman, 300 S. W. 1054; State ex rel. v. Shain, 248 S. W. 591, 592. This is so well established that citations of authority therefor are scarcely necessary. Especially is this true in the instant case, since the statutes establish and provide for a special, exclusive and complete scheme for suits in unlawful detainer. Schwaer v. Christophel, 64 Mo. App. 81; and Sections 2484 and 2490 of that statutory scheme provide the method of reviewing the judgment of a justice of the peace in such an action. We think the remedy afforded by these statutes is entirely adequate (as defendants were already in court). Hence prohibition is not the proper remedy herein and will not lie. See also on the points involved,

Jackson v. Black, 286 S. W. 410, and State ex rel. v. McElhinney, 199 Mo. 67, 81; Shaw v. Pollard, 84 Mo. App. 286, 288.

The writ of prohibition is not a writ of right, but the granting or refusal thereof lies within the sound judicial discretion of the court. Before it should be finally issued, it should appear that the law sanctions it and that sound judicial discretion commends it. [State ex rel. v. Lyon, 12 S. W. (2d) 447.]

It follows from what has been said the preliminary writ should be quashed and the final writ denied. It is so ordered.